### SPRING *v.* CHAUTAUQUA MUT. LIFE ASS'N.

*(Supreme Court, General Term, Fifth Department. June 2, 1891.)*

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
   If the case on appeal does not state that it contains all the evidence adduced at the trial, the appellate court cannot inquire whether the verdict is contrary to the evidence, and will assume that it is not.

2. INSURANCE—FALSE ANSWERS IN APPLICATION—INSTRUCTIONS.
   Where the defense, in an action on a policy of life insurance, is that insured answered falsely certain questions contained in the application, the court properly refused to instruct that, "if the insured answered falsely any of the inquiries in said application as to the then or previous condition of his health, then, by the terms of the contract itself, the policy is void, and the plaintiff cannot recover," as the instruction is too broad, not stating whether the answers are to questions material and necessary to the issue.

Appeal from circuit court, Cattaraugus county.

Argued before DWIGHT, P. J., and MACOMBER, J.

*H. C. Kingsbury,* for appellant.   *A. Spring,* for respondent.

MACOMBER, J.   The defendant, which is, by the answer, admitted to be a mutual insurance association organized under chapter 175 of the Laws of 1883, did, on the 20th day of June, 1888, issue its policy or certificate of insurance to Levi T. Spring, the plaintiff's intestate, in the sum of $4,000, $1,000 thereof being payable to his personal representatives, and $3,000 thereof to his wife. This action was brought by the executrix to recover the sum of $1,000. On the trial the jury rendered a verdict for the plaintiff, and from an order from the same court, denying the defendant's motion for a new trial, this appeal is taken. The defense is that the insured answered untruthfully certain questions contained in his application, and that consequently no recovery can be had upon the policy, for the reason, as is shown, that by the terms of the contract, any incorrect or untrue answers would vitiate the policy. The specifications contained in the answer, to which it is alleged the decease gave incorrect answers, related to a habitual cough, spitting of blood, congestion of the lungs, disease or ailment of the heart, disease of the genital or urinary or-

gans, unhealed ulcers, or sores of any kind.   The argument of the learned counsel for the appellant is mainly addressed to the proposition that the verdict of the jury was contrary to the evidence and to the law upon the facts proved, and that it was error on the part of the trial justice to submit the question to the jury whether any warranty in respect to the matters above mentioned was broken.   The case, however, contains no statement that the whole of the evidence adduced upon the trial is returned to this court.   Under such a condition of things, we are not able to look into the question, even though there was a motion for a new trial, whether the verdict was contrary to the evidence and facts established.   If there is any evidence to sustain the verdict upon any of the grounds of the defense set forth in the answer, we are obliged, in the absence of such statement, to assume that the jury arrived at a correct determination thereon.

The plaintiff's testator died of valvular disease of the heart, on the 31st day of August, 1889.   It is claimed by the counsel for the appellant that the disease was upon the assured at the time of the making of the application, and that it had accompanied him for some time.   There is evidence that in the year 1880 the deceased had been south, and that when he returned he was weak, pale, and thin, and that it was necessary to have an escort to bring him home to Kansas City, his then residence.   It is claimed that such disease was heart trouble of the character which finally carried him off, accompanied by weakness and disease of the lungs.   On the other hand, there is evidence of a credible character, which must have been believed by the jury, given by one of the doctors, to the effect that no heart disease had made its appearance in the deceased until after he went into the printing business in the month of August, 1888, about two months after he was insured.   Great reliance is placed by the appellant's counsel upon the proposition that the deceased was troubled with rheumatism, and that consequently no recovery can be had in this action.   An answer to that proposition is found in the fact that none of the defenses set up any such matter.   A defendant, in order to avail itself of the defense by which the policy of insurance should be forfeited by reason of untrue answers made in the application, must set forth such defenses, so that they may be properly tried.   It is further contended that the answer to the question, "Have you ever had spitting of blood?" was incorrect.   There was some evidence that at one time the deceased was found spitting blood, but the other evidence in the case shows that this was caused by his accidentally striking a tree, which produced momentary or temporary hemorrhage. It is further contended that the negative answer of the deceased to the question, "Have you ever had congestion of the lungs?" was untrue.   But he had already answered that he had had pneumonia, and it is extremely doubtful whether this question was designed by the company or understood by the insured to relate to any other matter than that which had already been correctly answered unto.   But the congestion of the lungs complained of was said to have occurred in the year 1880, many years before the pneumonia.   One of the doctors testified that at that time the deceased was coughing and expectorating considerably, and breathing rapidly, and that his lungs were congested. But it cannot be said from this testimony that he had congestion of the lungs, within the meaning of that question, and the jury had, from the whole case, the right to say from the evidence before us, and from that which the law presumes was before them and not now before us, that the answer there given was not untrue.   *Boos* v. *Insurance Co.*, 64 N. Y. 236.   It is claimed by counsel for the appellant that the court fell into an error in its refusal to charge as requested.   The court was asked to charge this proposition:   "If the insured answered falsely any of the inquiries in said application as to the then or previous condition of his health, then, by the terms of the contract itself, the policy is void, and the plaintiff cannot recover.".   The court answered, "That is true, provided the inquiries were material and necessary," to which

an exception was taken. The request to charge was, in our judgment, too broad. Many of the inquiries may have been falsely answered by the insured, and yet the plaintiff entitled to recover, provided the company did not defend upon the ground of such untrue answers. This remark of the learned judge must be considered in connection with the charge in chief, where it had been distinctly stated to the jury that any untrue answer in respect to the matters set up as a defense would, by the terms of the contract, vitiate the policy, and discharge the defendant from liability. Judgment and order appealed from should be affirmed.