MARY CLEMANS, Respondent, *v.* SUPREME ASSEMBLY ROYAL SOCIETY OF GOOD FELLOWS, Appellant.

The inference of fraud cannot be drawn here in the first instance for the purpose of supporting a judgment, although there was evidence on the trial which would permit the inference, if there was also evidence which, if believed, would negative its existence, and the judgment did not proceed upon the ground of fraud, but upon grounds not tenable.

Where, upon an application for life insurance, the application and answers to questions therein are made part of the contract, the answers become warranties, and a false one will avoid the contract, although the applicant, at the time of making it, believed it to be true.

Mere knowledge of the agent of the company through whom the insurance was procured, at the time the application was made, that the answer was false, will not prevent the company from setting up the breach as a defense to an action upon the policy.

*It seems,* however, where the agent himself, knowing the fact, fraudulently concealed from the applicant, who was not aware of it, that he had been rejected by another company to which he had applied through this same agent, and procured the applicant to make the application and to innocently state therein that he had not been rejected by any other company, that the breach of warranty may not be set up as a defense.

Where, however, the breach was set up as a defense, and the trial court found that there was no breach of the warranty, although the uncontradicted evidence showed the making of the former application and its rejection, and where there was no finding of fraud on the part of the agent, and the evidence on this question was conflicting, *held,* that the inference of fraud could not be drawn here in the first instance for the purpose of supporting the judgment.

*O'Brien* v. *Home Benefit Society* (117 N. Y. 310), distinguished.

(Argued March 4, 1892; decided March 15, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 11, 1891, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This was an action upon a benefit certificate of membership issued by defendant, a mutual co-operative insurance association, to Patrick Durnin, and was brought by his daughter,

defendant having, after due and satisfactory proof of death, refused payment.

The defense relied on was a breach of warranty, *i. e.*, that the deceased, in his application for membership, which was by the certificate made part of the contract, stated that no application of his for life insurance in any other company had ever been rejected, which statement was false.

The facts, so far as pertinent, are stated in the opinion.

*S. M. Lindsley* for appellant. Findings of fact made by the court, which are essential to sustain the judgment, are unsupported by the evidence. (Laws of 1885, chap. 270, § 3 ; Stark. on Ev. [4th ed.] 272, 273 ; 1 Best on Ev. 293, § 219 ; 1 Greenl. on Ev. § 483 ; Laws of 1855, chap. 64 ; U. S. R. S. § 2176 ; *Herendeen* v. *De Witt*, 17 N. Y. S. R. 298, 301, 302 ; *Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 263.) The application to defendant warrants that every statement made therein and to the medical examiner is strictly true. (*Ripley* v. *A. Ins. Co.*, 30 N. Y. 157 ; May on Ins. § 156 ; *Barteau* v. *P. L. Ins. Co.*, 67 N. Y. 595 ; *Foote* v. *Æ. L. Ins. Co.*, 61 id. 571 ; *Cushman* v. *U. S. L. Ins. Co.*, 63 id. 407 ; *Ripley* v. *Æ. Ins. Co.*, 30 id. 136 ; *Dwight* v. *G. L. Ins. Co.*, 103 id. 341.) Plaintiff cannot escape the effect of the warranty, upon the claim that Durnin did not know the Prudential Company had rejected him. (*N. Y. L. Ins. Co.* v. *Fletcher*, 117 U. S. 519 ; Bliss on Life Ins. [2d ed.] § 38 ; *Duckett* v. *Williams*, 2 C. & M. 348 ; 4 Tyrw. 240 ; *Brisbane* v. *Parsons*, 33 N. Y. 332 ; *F. N. Bank* v. *Ins. Co.*, 50 id. 45 ; *Fitch* v. *A. P. L. Ins. Co.*, 59 id. 557 ; *Foot* v. *Æ. Ins. Co.*, 61 id. 571 ; *Cushman* v. *U. S. L. Ins. Co.*, 63 id. 409 ; *Baker* v. *Ins. Co.*, 64 id. 649 ; *C. M. L. Ins. Co.* v. *U. T. Co.*, 112 U. S. 250.) Plaintiff cannot escape the effect of the warranty upon the claim that the defendant's agent, Jacobs, had knowlege that Durnin had been rejected by the Prudential Company. (*Barteau* v. *P. M. L. Ins. Co.*, 67 N. Y. 595 ; *Ripley* v. *Æ. Ins. Co.*, 30 id. 136 ; *Jennings* v. *C. C. M. Ins. Co.*, 2 Den. 75 ; *Foot* v. *Æ. L. Ins. Co.*, 61 N. Y. 571–576 ; *McCollum* v. *M.*

*L. Ins. Co.*, 55 Hun, 103; *Sullivan* v. *M. L. Ins. Co.*, 36 N. Y. S. R. 38; Cooke on Life Ins. 37.) If Jacobs caused false answers to be given he was guilty of fraudulently and collusively procuring the false warranty, and defendant is not bound. (*Eilenberger* v. *P., etc., Ins. Co.*, 89 Penn. 464; *Smith* v. *Ins. Co.*, 24 id. 320; *N. Y. L. Ins. Co.* v. *Fletcher*, 117 U. S. 519; *Ryan* v. *W. M. Ins. Co.*, 41 Conn. 168; Bacon on Ben. Soc. § 159; *N. L. Ins. Co.* v. *Minch*, 53 N. Y. 144; Cooke on Life Ins. 40.) The statements in question were material to the risk, and being untrue, whether warranties or representations, they avoid the contract. (May on Ins. § 305; Bacon on Ben. Soc. §§ 212, 218, 225; *Edington* v. *Æ. L. Ins. Co.*, 77 N. Y. 564; 100 id. 536; *London Assurance* v. *Mansel*, L. R. [11 Ch. Div.] 363; *P. M. L. Ins. Co.* v. *Raddin*, 120 U. S. 183; *Miller* v. *M. B. L. Ins. Co.*, 31 Ia. 232; *Barteau* v. *P. M. L. Ins. Co.*, 67 N. Y. 595.)

*C. Morschauser* for respondent. The evidence of the witnesses as to the appearance of said Patrick Durnin and as to how old he appeared to be, was proper for the reason that the defendant first established this rule, under the objection. (*De Witt* v. *Barley*, 17 N. Y. 344.) The defendant's agent, Simon Jacobs, having full knowledge of all the facts, and he being the one who misled the said Patrick Durnin, the defendant cannot now take advantage of it. (*O'Brien* v. *H. B. Society*, 117 N. Y. 310; *Miller* v. *P. M. L. Ins. Co.*, 107 id. 292.) The motion for a nonsuit was properly denied. If any part of the certificate was not proven by the plaintiff's failure to introduce the application for insurance, the defect was cured by the subsequent admission of the same. (*Edgington* v. *M. L. Ins. Co.*, 67 N. Y. 185.) The certificate of the death of said Patrick Durnin, filed in the town clerk's office, was not any proof of the facts therein stated as to said Patrick Durnin's age. (*B. L. T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 450.)

*Per Curiam.* The uncontradicted evidence in this case clearly showed that the assured, just prior to June 20, 1887,

applied for insurance, by means of a written application signed by him, to the Prudential Life Insurance Company of America, and on that date his application was rejected by that company.

The learned court found that the assured made no false statements in his application for insurance to the company defendant. In such last-mentioned application he stated, in answer to questions asked therein, that he had applied to another insurance company for insurance, but had not been rejected. That this answer was false, cannot be disputed upon the uncontradicted evidence. The application and the answers thereto were part of the contract of insurance, and were made so by the certificate. The answer was a warranty, and upon this evidence there was a breach thereof. (*Foot* v. *Ætna Life Ins. Co.*, 61 N. Y. 571; *Cushman* v. *Ins. Co.*, 63 id. 404.)

It is not important that the party making the warranty really believed in its entire truth. If it be false, it avoids the contract. Nor does the mere knowledge of the agent of the company at the time when it is made, that the warranty is false, prevent the defendant from setting up the breach as a defense to the action on the policy. (Id.; *Burteau* v. *Ins. Co.*, 67 N. Y. 595.)

The finding of the learned trial judge that the application of the assured to the Prudential Life Insurance Company was withdrawn was not supported by any evidence, as we think, while the finding that the facts were within the personal knowledge of the agent Jacobs, who procured this insurance, furnishes no answer to this charge of breach of warranty. Mere knowledge of the falsity is not, as we have seen, enough to prevent the defense from being set up. There is, as we think, sufficient evidence in this case to permit a jury to find that the agent of the defendant fraudulently concealed from the assured the fact that he had been rejected by another company to which he had applied through this same agent, and that such agent, while himself aware of the fact of such rejection, procured the assured to make application to this defendant through him as agent of the company and to innocently

state that he had not been rejected by any other company, when the agent knew such statement was false. If such were the case we think the defendant would not be entitled to set up the breach of a warranty which had been thus procured. The case in such aspect would much resemble that of *Plumb* v. *Ins. Co.* (18 N. Y. 392).

There is evidence on the part of the defendant which contradicts this theory, for the agent swears the assured was rejected June twentieth, and that within two weeks thereof he so informed the assured and returned him the premium. What the trial court states in one of the findings of this case, we think, amounts to merely a statement of knowledge of the agent as to the falsity of the warranty when it was made. This is not a defense. There is no finding of fraud, and there is evidence in the case which, if believed, shows there was none. We cannot draw the inference of fraud in the first instance for the purpose of supporting a judgment, even where there is evidence which would permit the inference, because there is also evidence which, if believed, negatives its existence, and the judgment does not proceed upon the ground of fraud.

There is no evidence that the answers to the application were truly made and erroneously taken down by the agent of the company, and hence it does not come within the *O'Brien* and other kindred cases. (*O'Brien* v. *Home Benefit Society of New York*, 117 N. Y. 310.)

. We must reverse this judgment and grant a new trial, costs to abide the event.

All concur.

Judgment reversed.