(10 App. Div. 533.)

PETERS v. UNITED STATES INDUSTRIAL INS. CO.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

LIFE INSURANCE—BREACH OF WARRANTY—FRAUD OR MISTAKE OF AGENT.

An insurer cannot claim breach of warranty where the applicant, in answer to a question as to whether he was insured in any other company, informed the agent of all other insurance, and exhibited some of the policies, and the agent, in filling up the application, fraudulently or by mistake, wrote "No" after such question, without afterwards reading the answers to the applicant.

Appeal from trial term, Kings county.

Action by Mary E. Peters, as administratrix of Rody Peters, deceased, against the United States Industrial Insurance Company. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edward W. S. Johnston, for appellant.
Isaac M. Kapper, for respondent.

WILLARD BARTLETT, J. This suit was brought to recover $1,189 from the United States Industrial Insurance Company, being the aggregate amount of three several policies of insurance upon the life of Rody Peters, the husband of the plaintiff. The application for the first policy was signed by the wife, with her husband's name, at his request. The other applications were signed by the husband with his mark. The agent of the insurance company, in the presence of Mr. and Mrs. Peters, wrote down the answers of the insured to the questions upon each application. Among the answers as they now appear are statements to the effect that Rody Peters was not insured in any other company. As matter of fact, he was insured in other companies at the time. The defendant relied upon the falsity of the written answers in this respect as a breach of warranty avoiding the policies. The plaintiff introduced evidence tending to show that the answers were not correctly written down by the agent, and that the agent was not only informed of the existence of insurance in other organizations when engaged in filling out the applications, but that she showed him the other policies then in force upon her husband's life. She testified that the agent did not read the answers to Mr. Peters after he had finished writing them. The plaintiff's testimony as to what occurred when

the applications were prepared was wholly uncontradicted, as the defendant did not put the agent on the stand.

The only point argued on this appeal from the judgment which the plaintiff has recovered is the proposition that the defense of breach of warranty in respect to other insurance is available to the company notwithstanding the knowledge of the agent who wrote out the application that other insurance, in fact, existed. It seems to us, however, that the case falls within the principle of the doctrine laid down in O'Brien v. Society, 117 N. Y. 310, 22 N. E. 954, that "where the insured gives true answers to the questions put to him as the basis of insurance, and an authorized agent of the insurance company inserts in the application false answers, the company, and not the insured, is responsible for their falsity, and that their falsity is no defense to an action upon the policy." See, also, Robinson v. Insurance Co., 1 App. Div. 269, 37 N. Y. Supp. 146. In the light of the plaintiff's testimony, and the inferences fairly to be drawn from it, the agent appears to have asked Rody Peters whether his life was then insured in any other company, whereupon Mrs. Peters herself produced and exhibited to him some of the policies, and informed him of all the other insurance. This was equivalent to answering "Yes," in behalf of the insured, to the question in the application, "Is the life proposed now insured in any other company?" The answer was true. The agent wrote down "No," which was false. For this falsity the defendant is responsible, under the authorities cited. In those cases, it is true, the applicants for insurance were unable to read, while here the proof shows that the applicant could read, but not write anything more than, perhaps, his own name. It does not seem to me, however, that any distinction in principle can be based upon this difference. In filling up the application, the agent of the defendant volunteered to read the questions correctly to the insured, and write down correctly such answers as should be given by him or in his behalf. The applicant undertook nothing except to give true answers, and having done this, as the jury must have found, his representative is not chargeable with the consequences of the agent's fraud or mistake.

The cases on the defendant's brief are either distinguishable from O'Brien v. Society, supra, or, so far as they contain anything in conflict with that decision, must be deemed overruled.

The judgment and order should be affirmed, with costs. All concur.