### JACOBS v. NORTHWESTERN LIFE ASSUR. CO.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

1. INSURANCE—APPLICATION—MISSTATEMENTS BY AGENT.
    An applicant for life insurance (who could read and write), in answer to the question whether he had made other applications, which had been rejected, made a full statement of his previous rejections to the agent drawing the application, who inserted the fact of one rejection, only, without reading it to him, or informing him of the character of the answer inserted. *Held*, that the company was responsible for the falsity of the answer.

2. SAME—ACTION ON POLICY—PLEADING AND PROOF.
    Under Code Civ. Proc. § 522, providing that an allegation of new matter in the answer, to which a reply is not required, is to be deemed controverted, plaintiff may show in avoidance of an allegation of a breach of warranty in the company's answer, that answers in an insurance application were erroneously written by the company's agent.

Appeal from trial term, Orange county.

Action by George H. Jacobs against the Northwestern Life Assurance Company.    There was a judgment for plaintiff, and from the judgment, and an order denying a motion for a new trial, defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

David Murray, for appellant.
Charles F. Brown, for respondent.

CULLEN, J.    This action is brought to recover the amount of a policy of insurance upon the life of Gilbert E. Jacobs.    The sole defense actually litigated on the trial was the falsity of the answer of the deceased to a certain question contained in his application for insurance.    The question was: "Has any proposal or application to insure your life ever been made to any company or agent, upon which you have been rejected, or upon which a policy has not been issued, and received by you?    If so, state what companies, and when?"    In the application the written answer to this question is: "Yes.    The Northwestern Masonic Aid Association; about three years ago."    It appeared without dispute that as matter of fact the insured had made applications for insurance to several other companies, and had been rejected.    While mere knowledge by the agent of the falsity of this answer, and of the fact that applications of the deceased in other companies had been rejected, would be insufficient to estop the de-

fendant from denying its liability, or to avoid the effect of the breach of the condition of the policy proved (Clemans v. Society, 131 N. Y. 485, 30 N. E. 496), the plaintiff's evidence went beyond this. The answers to the questions were in the handwriting of the defendant's agents and medical examiners. The testimony for the plaintiff tended to show that the deceased made a full statement of his previous rejections to the agents, and that he was not informed of the character of the answers inserted in the application, nor was the application read to him when he signed it. This proof brought the case exactly within that of Peters v. Insurance Co., 10 App. Div. 533, 42 N. Y. Supp. 348, affirmed by the court of appeals (154 N. Y. 758, 49 N. E. 1103) on the opinion of this court. In that case, as in this, the deceased was able to read and write; but it was held that that fact did not take the case without the rule laid down in O'Brien v. Society, 117 N. Y. 310, 22 N. E. 954, that:

"Where the insured gives true answers to the questions put to him as the basis of insurance, and an authorized agent of the insurance company inserts in the application false answers, the company, and not the insured, is responsible for their falsity, and their falsity is no defense to an action upon the policy."

In the Peters Case, Mr. Justice Bartlett said:

"In those cases, it is true, the applicants for insurance were unable to read, while here the proof shows that the applicant could read; he could not write anything more than, perhaps, his own name. It does not seem to me, however, that any distinction, in principle, can be based on this difference. In filling up the application, the agent of the defendant volunteered to read the questions correctly to the insured, and write down correctly such answers as should be given by him, or in his behalf. The applicant undertook nothing except to give true answers, and, having done this, as the jury must have found, his representative is not chargeable with the consequences of the agent's fraud or mistake."

Nor is there anything in the objection that the plaintiff could not, under the pleadings, show that the answers had been erroneously written by the defendant's agents. The alleged breach of warranty was an affirmative defense, which it was incumbent upon the defendant both to plead and to prove. May, Ins. § 588; Boos v. Insurance Co., 4 Hun, 133; Spring v. Association (Sup.) 14 N. Y. Supp. 904; Goldschmidt v. Insurance Co., 102 N. Y. 486, 7 N. E. 408. Under section 522, Code Civ. Proc., an allegation of new matter in the answer, to which a reply is not required, is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires. In this case the plaintiff successfully avoided the allegations of the defense.

The judgment and order appealed from should be affirmed, with costs. All concur.