GEORGE H. JACOBS, Respondent, *v.* NORTHWESTERN LIFE ASSURANCE COMPANY, Appellant.

*Insurance — false answer in an application filled out by the insurance company's agents — no reply is necessary to entitle the plaintiff to show that he made full and true disclosures to the agent.*

In an action to recover the amount of an insurance policy, in which a defense is interposed that the answer to a question contained in the application for the insurance, to the effect that former applications of the insured for insurance had not been rejected, was false, proof that the answers in the application were in the handwriting of the agent of the insurance company; that the deceased made a full statement of his previous rejections to the agent; that he was not informed of the character of the answers inserted in the application, and that the application was not read to him when he signed it; is sufficient to sustain a recovery.

The plaintiff, in such an action, is not required to serve a reply in order to entitle him to give testimony showing that the answers had been erroneously written by the defendant's agent.

APPEAL by the defendant, the Northwestern Life Assurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 15th day of November, 1897, upon the verdict of a jury, and also from an order, entered in said clerk's office on the 11th day of November, 1897, denying the defendant's motion for a new trial made upon the minutes.

*David Murray* [*Clifford W. Hartridge* with him on the brief], for the appellant.

*Charles F. Brown,* for the respondent.

CULLEN, J. :

This action is brought to recover the amount of a policy of insurance upon the life of Gilbert E. Jacobs. The sole defense actually litigated on the trial was the falsity of the answer of the deceased to a certain question contained in his application for insurance. The question was : " Has any proposal or application to insure your life ever been made to any Company, or Agent, upon which you have been rejected, or upon which a policy has not been issued and received by you? If so, state what companies and when?" In the application the written answer to this question is, " Yes. Northwestern Masonic Aid Association, about 3 years ago." It appeared without dispute that as matter of fact the insured had made applications for insurance to several other companies, and had been rejected.

While mere knowledge by the agent of the falsity of this answer, and of the fact that applications of the deceased in other companies had been rejected, would be insufficient to estop the defendant from denying its liability, or to avoid the effect of the breach of the condition of the policy proved (*Clemans* v. *Supreme Assembly Royal Society of Good Fellows*, 131 N. Y. 485), the plaintiff's evidence went beyond this. The answers to the questions were in the handwriting of the defendant's agents and medical examiners. The testimony for the plaintiff tended to show that the deceased made a full statement of his previous rejections to the agents, and that he was not informed of the character of the answers inserted in the application, nor was the application read to him when he signed it. This proof brought the case exactly within that of *Peters* v. *The U. S. Industrial Ins. Co.* (10 App. Div. 533; affirmed by the Court of Appeals, 154 N. Y. 758, on the opinion of this court). In that case as in this the deceased was able to read and write ; but it was held that that fact did not take the case without the rule laid down in *O'Brien* v. *Home Benefit Society* (117 N. Y. 310), that " where the insured gives true answers to the questions put to him as the basis of insurance, and an authorized agent of the insurance company inserts in the application false answers, the company and not the insured is responsible for their falsity, and that their falsity is no defense to an action upon the policy." In the *Peters* case Mr. Justice BARTLETT said : " In those

cases, it is true, the applicants for insurance were unable to read, while here the proof shows that the applicant could read ; he could not write anything more than perhaps his own name. It does not seem to me, however, that any distinction in principle can be based upon this difference. In filling up the application, the agent of the defendant volunteered to read the questions correctly to the insured and write down correctly such answers as should be given by him or in his behalf. The applicant undertook nothing except to give true answers, and having done this, as the jury must have found, his representative is not chargeable with the consequences of the agent's fraud or mistake."

Nor is there anything in the objection that the plaintiff could not under the pleadings show that the answers had been erroneously written by the defendant's agents. The alleged breach of warranty was an affirmative defense, which it was incumbent upon the defendant both to plead and to prove. (May on Insurance, § 588; *Boos* v. *The World Mut. Life Ins. Co.*, 4 Hun, 133; *Spring* v. *Chautauqua Mut. Life Assn.*, 14 N. Y. Supp. 904; *Goldschmidt* v. *Mut. Life Ins. Co.*, 102 N. Y. 486.) Under section 522, Code of Civil Procedure, an allegation of new matter in the answer, to which a reply is not required, is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires. In this case the plaintiff successfully avoided the allegations of the defense.

The judgment and order appealed from should be affirmed, with costs.

All concurred, except HATCH, J., absent.

Judgment and order affirmed, with costs.