FARMERS UNION MUTUAL INSURANCE COMPANY *v.*
WYMAN.

4-9860                                    251 S. W. 2d 819

Opinion delivered October 20, 1952.

*Charles A. Wade,* for appellant.

*Etheridge & Sawyer,* for appellee.

WARD, J. The two principal questions involved in this appeal are: Did appellant waive (a) the formal issuance of a vacancy permit, and (b) the filing of a formal proof of loss by appellee? These questions arise out of the fact situation set out below.

On October 30, 1950, appellant issued, on application obtained through its local agent, a fire insurance

policy to appellee. On May 10, 1951, the property was destroyed by fire about two months after appellee had vacated the premises without securing a written permit as provided in the policy. Appellee also failed to render to appellant a signed and verified proof of loss within 30 days [or at any time] as was required by the insurance policy.

### (a)

In our opinion appellant waived the issuance of the vacancy permit. This question was submitted to the jury under proper instructions and we think the record shows substantial evidence to support the jury's verdict in favor of appellee. About the time appellee vacated the premises because of his wife's illness, he sent word to appellant's local agent that he was vacating, and later he talked to the agent who told him that he had notified the home office and that the home office gave its approval. Also, the local agent stated he did notify the home office and so informed appellee, and that he "presumed it [the permit] would be mailed to him" [appellee]." This action on the part of appellant's agent was certainly calculated to lead appellee to believe appellant had either issued the permit or had waived issuing it.

The conclusion above reached is in accord with our recent holding in the case of *Washington County Farmers Mutual Fire Insurance Company* v. *Reed,* 218 Ark. 522, 237 S. W. 2d 888. A similar question was raised and discussed in *National Surety Company of N. Y.* v. *Fox,* 174 Ark. 827, 296 S. W. 718, 54 A. L. R. 458, where the court, at page 833 made this statement:

"At any rate, the plaintiff swears that he notified the agent, and the agent does not dispute it, and the insurance company could not declare a forfeiture under such circumstances."

### (b)

Very much the same situation exists in regard to the proof of loss. After the fire occurred appellant's assistant manager and adjuster, being informed of the

fire, visited appellee and discussed the loss. He took a list and valuation of the articles claimed to be destroyed or damaged, and questioned appellee about how much stuff he had moved and how much was left, etc. Appellee says they agreed on part of the loss, and the adjuster said he would consider part of it a total loss. Appellee also stated this was the same procedure they followed when another loss by fire was adjusted several months before. One difference, it appears, was that formerly appellee had signed something whereas this time he did not, but he was not asked to sign anything. Appellee admits the adjuster did not say he would pay him, but states that he did say he would make a report and that appellee would hear from the company [appellant] in a few days. All this constituted substantial evidence to support the jury's finding that appellant waived formal proof of loss.

If an agent pretends to have authority to make an adjustment the insured has a right to rely on it. See *Citizens Fire Insurance Co.* v. *Lord,* 100 Ark. 212, 139 S. W. 1114. In *German Insurance Co.* v. *Gibson,* 53 Ark. 494, 14 S. W. 672, the court, at page 500, said:

"In this case an adjuster was sent to the place where the dwelling was burned to adjust the loss of plaintiff. He was thereby vested with authority to ascertain the nature, cause and extent of the loss, and to agree with Gibson as to the amount that should be paid as an indemnity for the same."

Then the court, after detailing more facts, said:

"Under this state of facts the company was bound by the knowledge of the agent. . . ."

Also, it has been generally and uniformly held by our Court that forfeitures, such as here claimed by appellant, are not favored. This rule is well stated in *National Surety Company of N. Y.* v. *Fox, supra,* which quotes with approval from *German Insurance Company* v. *Gibson, supra,* as follows:

"Forfeitures are not favored in law, and any agreement, declaration or course of action on the part of an

insurance company which leads the insured honestly to believe that, by conforming thereto, a forfeiture of his policy will not be incurred, followed by conformity on his part, will estop the insurance company from insisting upon the forfeiture.''

The above rule, consistently followed by this Court, was recently reaffirmed in *Washington County Farmers Mutual Fire Insurance Company* v. *Reed, supra.* Perhaps the strongest expression of aversion to forfeitures by this Court is found in *American Life Association* v. *Vaden*, 164 Ark. 75, 261 S. W. 320, where the Court, at page 88, approved the following language:

''. . . waiver of a forfeiture, though in the nature of an estoppel, may be created by acts, conduct, or declarations insufficient to create a technical estoppel, and the courts, not favoring forfeitures, are inclined to grasp any circumstances which indicate an election to waive a forfeiture.''

There is another point raised by appellant. It is contended that appellee can not take advantage of a waiver on the part of appellant because appellee did not plead it in his reply. The answer to this contention is that appellee was permitted to introduce evidence of a waiver without objections being made and saved. This being the case, the pleadings will be treated as amended. This is in accord with a well-established rule of this Court, announced in the early case of *Hanks* v. *Harris*, 29 Ark. 323, and reaffirmed in *Healey* v. *Conner*, 40 Ark. 352; *Sorrels* v. *Self*, 43 Ark. 451. The first headnote in the last citation reads:

''If a plaintiff fails to demur to an answer defectively stating a good defence, and the testimony which is admitted without objection, shows a good defence, the answer will be regarded as amended to correspond with it. And where there is no bill of exceptions this court will, in support of a judgment below, presume that the defects in the answer were cured by the proof at the trial.''

For the reasons above set out, the cause is affirmed.