M. F. A. MUTUAL INSURANCE COMPANY, a Corporation, Appellant,

v.

H. P. JACKSON, Billie Phillips, and Claude Phillips, Appellees.

No. 16215.

United States Court of Appeals
Eighth Circuit.

Oct. 27, 1959.

James B. Blair and Courtney C. Crouch, Springdale, Ark. (Crouch, Jones & Blair, Springdale, Ark., were on the brief), for appellant.

Charles Bass Trumbo, Fayetteville, Ark. (Rex W. Perkins and E. J. Ball, Fayetteville, Ark., were on the brief), for appellees.

Before GARDNER and VOGEL, Circuit Judges, and MICKELSON, District Judge.

GARDNER, Circuit Judge.

This appeal is from a judgment in favor of appellees in an action brought to recover for the destruction of a building by fire. The complaint is in conventional form, it being alleged that at the time of the fire the building was covered by a fire insurance policy issued by appellant. The building at the time of the issuance of the policy was used as a poultry house and so described in the policy. We shall refer to the parties as they appeared in the trial court. Defendant in its answer admitted that at the time the plaintiffs' property described in the insurance policy was destroyed by fire the policy was in full force and effect, but alleged that prior to the renewal of the policy and without its knowledge, approbation or consent plaintiffs changed the use of the building from that of a poultry house to a pallet factory, thereby increasing the hazards and risks insured against by the defendant's insurance policy. There were certain denials in the answer which simply required plaintiffs to prove allegations going to the extent of the damages.

The action, by consent of the parties, was tried to the court without a jury and resulted in findings and judgment in favor of the defendant. On petition for rehearing, however, a rehearing was granted. The policy contained provision, " * * * this company shall not be liable for loss occurring * * * while the hazard has increased by any means within the control or knowledge of the insured * * * ".

There was evidence that plaintiffs at the time of the payment of the premium renewing the policy had a conversation with the agent of defendant in which the agent was advised that there was an impending change in the use and occupancy of the building insured. This conversation is reflected in the printed record as follows:

"The renewal certificate on this policy of insurance was paid on March 26, 1957, and at that time, I told Mr. Pinkley that the property was being changed from a brooder house to a pallet manufacturing concern. The conversation was—I told him from the standpoint of insurance and he told me if anything came up at a later date that he would take care of it and I relied on what Mr. Pinkley told me. A contract was in effect at that time that I was leasing the place and I so informed the agent. He told me he would take care of any changes that came up."

The agent was a soliciting agent as distinguished from a general agent. Some seventeen days after the payment of the renewal premium but some eight months before the fire, plaintiffs received a printed receipt from the defendant on which appeared the following declaration, printed in large letters:

"M F A Mutual Insurance Company is offering a free service of personal insurance analysis to all its policyholders. If you would like to know if your insurance program is in balance, ask your M F A Mutual Agent. He is an authorized insurance consultant and is qualified to advise you on your insurance needs. See him today."

On the second trial of the case the court in referring to the above-quoted conver-

182

sation found, among other things, that [169 F.Supp. 637]:

"There is no question, however, under the language of the premium receipt that the company held its soliciting agent out as possessing authority to advise on insurance matters. Neither can there be any serious question that the plaintiffs, having been told in effect that no action need be taken by virtue of the change in occupancy, relied in good faith on that representation and had every reason to believe that the agent's representation was not only correct but was within his authority. His representation was determinable actuarially as a matter of fact. It was the kind of fact peculiarly within the knowledge of those engaged in the specialized business of rate making and insurance, and it was a matter which a layman is wholly unqualified to determine for himself. When the insurance company holds its agent out as being qualified as an 'insurance consultant,' a policyholder cannot be required to treat the agent as incompetent to advise him on insurance matters and to ascertain from a rate-making bureau whether his change in occupancy increases the hazard on the insured premises. Neither is he required to look further to determine the agent's authority; that is established by the company's own words and that is enough."

In the course of its memorandum opinion embodying the court's findings of fact and conclusions of law it is, among other things, said [169 F.Supp. 642]:

"The language of the agent, Pinkley, in advising the plaintiff, Jackson, that he would 'take care of' any changes that might come up is not necessarily limited to construction as an attempted waiver of the policy provision. That language is also susceptible to interpretation as a representation that the proposed change in use and occupancy of the insured premises did not increase the hazard. * * * a representation as to a matter of fact outside the policy may be within the soliciting agent's implied or apparent authority, and if so, the defendant company may be bound thereby. * * * the court's holding is limited to the proposition that the representations or misrepresentations of a soliciting agent as to a fact outside of the policy and not in conflict therewith, if made within his actual or apparent authority, are binding upon his principal. Such are the facts in this case * * *"

In seeking reversal defendant in effect challenges the correctness of the foregoing findings of fact and conclusions of law. This case has had unusual consideration by the trial court, as evidenced by three memorandum decisions. On the first trial the court decided the issues in favor of the defendant. Jackson v. M. F. A. Mutual Ins. Co., 165 F.Supp. 388. On the second trial the court found for the plaintiffs, Jackson v. M. F. A. Mutual Ins. Co., 169 F.Supp. 633, and on motion for new trial in which the defendant urged substantially the same grounds as on this appeal, the court denied the motion. Jackson v. M. F. A. Mutual Ins. Co., 169 F.Supp. 638.

Defendant is relying upon an affirmative defense, to-wit; that without its knowledge or consent the nature of the occupancy of the building insured was changed so as to increase the hazards and risks insured against. As this was an affirmative defense, the defendant had the burden of proof. It is conceded that under the law of Arkansas a mere soliciting agent for an insurance company is without authority to change or modify the terms of an existing contract or to bind his principal by agreeing to do so. Holland v. Interstate Fire Ins. Co., Ark., 316 S.W.2d 707; American Ins. Co. v. Hampton, 54 Ark. 75, 14 S.W. 1092; German-American Ins. Co. v. Humphrey, 62 Ark. 348, 35 S.W. 428; American Ins. Co. v. Hornbarger, 85 Ark. 337, 108 S.W. 213; Sadler v. Fire-

man's Fund Ins. Co., 185 Ark. 480, 47 S.W.2d 1086. In the instant case the trial court found that the soliciting agent had been given apparent authority to represent that the change of the occupancy of the building insured would not in fact increase the hazards and risks within the terms of the policy. The company had in effect advised the plaintiffs that its agent was "an authorized insurance consultant" and that the company was furnishing "a free service of personal insurance analysis." This was in the nature of an admission as to the authority of the soliciting agent and we think the court correctly held that he at least had apparent authority as an expert to determine that the change in occupancy did not increase the hazards and risks insured against. It is true that this declaration of the agent's apparent authority was not received by plaintiffs until some seventeen days after the agent had given assurance that if there was any change in the character of the risk he would take care of it, or words to that effect, but it was received some eight months before the fire and the court was warranted in inferring that this announcement warranted the insureds to rely upon what the soliciting agent had already told them. A principal is charged with knowledge of facts learned by his agent while in the discharge of his duties. Capital Fire Ins. Co. v. Montgomery, 81 Ark. 508, 99 S.W. 687; Springfield Mut. Ass'n v. Atnip, 169 Ark. 968, 279 S.W. 15; Mutual Aid Union v. Blacknall, 129 Ark. 450, 196 S.W. 792; New Furniture & Undertaking Co. v. Tri-County Burial Club, 194 Ark. 1045, 109 S.W.2d 146; Southern National Ins. Co. v. Heggie, 206 Ark. 196, 174 S.W.2d 931; Home Ins. Co. of New York v. Cole, 195 Ark. 1002, 115 S.W.2d 267. It was the duty of the agent here to report to his principal the knowledge he had received with reference to the change in the occupancy of the building insured. In addition to the knowledge that there had been a change in occupancy the agent also had received information from a rating bureau that the rates for the insured property were increased by reason of the change in use and occupancy. In New Furniture & Undertaking Co. v. Tri-County Burial Club, supra, in the course of the opinion it is said [194 Ark. 1045, 109 S.W.2d 147]:

"The question presented in the instant case is whether the warranty was waived or became inoperative, in view of the alleged knowledge of the agent. Knowledge of the physical condition of the applicant, which comes to the agent of the insurance company while he is performing the duties of his agency in receiving applications for insurance and delivering policies, becomes the knowledge of the company; and the insurance company is bound thereby, where the agent who solicited the business was charged with the duty of ascertaining physical condition."

In the instant case the court after a careful consideration of all the facts and circumstances held that the soliciting agent had the apparent authority to advise the plaintiffs as he did. This finding of the trial court we think is sustained by substantial evidence, as the company held him out to its policyholders as an insurance consultant and invited its policyholders to seek information and advice from him. In People's Fire Ins. Co. v. Goyne, 79 Ark. 315, 96 S.W. 365, 369, 16 L.R.A.,N.S., 1180, the soliciting agent knew that the application stated that the building was a residence while in fact it was used as a public hotel or tavern, yet he did not notify the company. The court held that:

"When an agent does anything within the real or apparent scope of his authority, it is (as) much the act of the principal as if done by the principal himself. These are fundamental doctrines in the law of principal and agent and have been applied in every court where the common law prevails. When a person does an act or makes a representation which leads another person to a certain course of conduct which he would not otherwise have pursued,

the party causing this action is estopped to take advantage of anything contrary in fact to his misleading conduct or representation."

See also Farmers Union Mut. Ins. Co. v. Wyman, 221 Ark. 1, 251 S.W.2d 819, 49 A.L.R.2d 84; Allemania Fire Ins. Co. v. Zweng, 127 Ark. 141, 191 S.W. 903; Capital Fire Ins. Co. v. Montgomery, supra.

In the instant case, the local agent was employed not only to solicit business but to advise and counsel policyholders and the appellees sought the advice of the local agent, told him of the pending proposed change in the occupancy of the building, and in fact were advised that this change would not increase the rate, but that if it did, he, the agent, would take care of it. This, in effect, advised that there was, in fact, no increase in the hazards and risks because of the change in occupancy. As said by the trial court in its memorandum opinion denying appellant's motion for new trial:

"The plaintiffs were entitled to believe, and the court has found that they did believe, that the representation made by the agent was a determination based upon the agent's understanding of rates and actuarial matters which were things peculiarly within the competence and apparent authority of the agent to advise on insurance matters. * * The agent's representation here was substantially· a representation of fact made with apparent authority, and as such it estops the defendant from asserting a contrary proposition. In other words, the agent cannot with apparent authority represent that there is no increased hazard and, at the same time, leave available to the principal the contention that the hazard was in fact substantially increased."

We have considered all other contentions of appellant but think they are without merit. As has been observed, this case was heard by the trial court and given unusual study during which the Arkansas authorities were reviewed and the opinion of the trial judge in these circumstances is entitled to unusual consideration, and we think his considered judgment entitled to great weight.

The judgment appealed from is therefore affirmed.