OLD AMERCIAN LIFE INS. CO. *v.* LUCY HARVEY, AN INCOMPETENT, BY HERBERT H. HARVEY, ETC.

5-4246                                                415 S. W. 2d 66

Opinion delivered May 29, 1967

*R. D. Rouse,* for appellant.

*Tompkins, McKenzie, McRae & Harrell,* for appellee.

JOHN A. FOGLEMAN, Justice. The only real issue here is the entitlement of appellee to recover penalty and attorney's fees from appellant.

Appellee brought suits against appellant on two insurance policies covering hospital, medical and other benefits. The two suits were consolidated for trial before the court, a jury trial having been waived. The policies were originally issued by other companies but appellant had assumed all obligation on both policies before any liability accrued on either. Appellee suffered injuries in a fall on July 2, 1965. On December 16, 1965 she underwent an appendectomy. She was in the hospital sixty days because of the injuries and ten days because of the surgery. Demand was made for $1,164.00 under one policy and $1,189.54 under the other. Appellant denied liability for these amounts before suit. The complaints sought recovery of $854.00 because of the injuries and $310.00 because of the appendectomy in the first action, and $826.23 because of the injuries and $363.31 because of the surgery in the second. The basis for recovery was set out in detail in the body of the complaints but the prayers were for the sums of $1,164.00 and $1,189.54, respectively, with penalty and attorney's fees.

In its answer to the first complaint appellant admitted liability in the sum of $525.00 and in the answer to the second, admitted liability in the total sum of $538.31. Appellant offered to confess judgment for these amounts. In amendments to its answers appellant denied that the appellee was in the hospital 61 days as a result of her injuries as alleged in the complaints and denied that the hospital was licensed as a hospital or had a graduate registered nurse on duty as required by the policy.

At the opening of the trial the attorney for appellant

admitted liability for $310.00 for the appendectomy on the first policy, but denied liability for 61 days hospitalization and for penalty and attorney's fees and said that the amended answers showed what they admitted.

Appellee offered Dr. Charles D. Avery as a witness. He testified that the Cora Donnell Hospital, at which he practiced, was a licensed hospital at the time in question and that a registered nurse was in charge of the hospital, lived next door thereto and was on call at all times. While the doctor was on the witness stand, it was discovered that there was an error in the hospital bill in that the charge for August 26th was duplicated, an error that is apparent upon inspection of the statement. After a recess for examination of the statement, appellee's attorney asked permission to amend the first complaint to ask $842.00 instead of $854.00 for the hospitalization for the injuries, the daily hospital charge being $12.00. He admitted that the hospitalization was for 60 days instead of 61. Appellant's attorney did not object, but reserved appellant's rights as to attorney's fees and penalty. Appellee's attorney stated that he did not ask to amend the other complaint, but admitted that appellee only claimed 60 days of hospitalization. At this point, after the doctor had left the witness stand, appellant, for the first time, objected to his testimony as to the qualification of the hospital under the policy.

In appellee's complaint on the second policy recovery had been sought for hospitalization for her injuries on the basis of 10 days at $15.00 per day; 21 days at $12.00 per day; and 30 days at $6.00 per day. The policy actually provided as hospital benefits for the first 30 days the expenses actually incurred, not to exceed $15.00 per day for the first 10 days and $12.00 per day thereafter. After the first 30 days, hospital benefits were 50% of the expense actually incurred, not to exceed a total of $12.00 per day. The hospital expenses incurred were more than $15.00 per day for the first 10 days and more than $12.00 per day for the next 20 days. For the last 30 days the hospital expenses were $526.25, and the

expenses exceeded $12.00 on two days by a total of $5.40. Thus, under a correct application of the policy terms, appellee would have been entitled to recover $1,249.62 rather than $1,189.54 for which judgment was prayed. Appellant offered no evidence.

In his opinion, the trial judge stated that if appellant had confessed judgment upon amendment to the first complaint, appellee would not have been entitled to recover penalty and attorney's fees, but not having done so and never having admitted liability except as set out in its answer, appellee was given judgment for the full amount prayed pursuant to amendment in open court, 12% penalty and attorney's fee of $350.00. In the second suit, the court gave judgment for the full amount sued for, saying that under the terms of the policy appellee would have been entitled to more, and that appellant would have paid less than the policy called for if it had confessed judgment for the amount sued for. In this the court apparently felt that even if the evidence showed that recovery of a larger amount was justified, appellee was limited to the amount sought by the complaint. Hudspeth & Sutton v. Gray, Durrive & Co., 5 Ark. 157; White v. Cannada, 25 Ark. 41; Arkansas Power & Light Co. v. Murry, 231 Ark. 559, 331 S. W. 2d 98. The court gave judgment for 12% penalty and $150.00 for attorney's fee.

In the first case appellant contends that appellee was not entitled to recover penalty or attorney's fees because appellant did not continue to deny liability after the amendment reducing the claimed number of days of hospitalization was made. We cannot agree that appellant was relieved of liability for these items. Never was there any offer to confess judgment, withdrawal of answer or other manifestation on the part of appellant that it agreed that appellee was entitled to recover the reduced amount.

This court has long been committed to the rule that, in the absence of an offer by an insurance company to

confess judgment for the amount to which the recovery sought is reduced by amendment to the complaint allowed by the court during trial, claimant is entitled to recover statutory penalty and attorney's fees. In *Queen of Arkansas Ins. Co.* v. *Milham,* 102 Ark. 675, 145 S. W. 540, the insurance company asserted as a set-off an amount due it upon a premium note. The plaintiff promptly conceded that this amount should be deducted and only asked judgment for the difference. The court then said that if the insurance company wished to avoid the statutory penalty and attorney's fee it should have offered to confess judgment and thus ended the suit. This rule has been applied and followed in many cases. Among them are: *Life and Casualty Co.* v. *Sanders,* 173 Ark. 362, 292 S. W. 657; *Progressive Life Ins. Co.* v. *Hulbert,* 196 Ark. 352, 357, 118 S. W. 2d 268; *Old American Life Ins. Co.* v. *McKenzie,* 240 Ark. 984, 403 S. W. 2d 94.

But appellant says that it did not continue to deny liability in the first case after the amendment, pointing out that it did not offer any proof on the defenses set out in its answer, having rested its case immediately after appellee rested. The amount for which appellant offered to confess judgment in its original answer was not identified as to which hospitalization or on which items the company admitted liability. In the amendment appellant denied all material allegations not admitted in the answer or the amendment, but admitted liability for certain items incurred because of appellee's injury. It denied that appellee was entitled to recover $732.00 for 61 days in the hospital. The prayer of the original answer was that the offer to confess judgment for $525.00 be accepted, that appellee take nothing in excess of that amount and that her complaint be dismissed. The prayer of the amendment simply denied liability "as hereinabove set forth." The record reveals that the court heard argument of counsel for both parties but does not reveal the content of either argument. Immediately after this argument the trial judge announced his findings as to the qualification of the hospital under the terms of the policy and asked for briefs.

Appellant takes the position that the finding as to the hospital by the trial judge was unwarranted because not properly in issue. This is based on the claim that the defense was an affirmative one placing the burden on it, as asserting an exception from the coverage of the policy, so that no issue remained to be determined by the trial court, thus relieving appellant from liability for attorney's fees. We do not agree that this was an exception from the policy. The clause in question, so far as pertinent, provided:

"If such injury or such sickness requires any Insured herein to be confined as a bed patient within a regularly incorporated or licensed hospital (except a home or institution providing primarily convalescent, nursing, ambulatory or rest-care facility, or a special unit of a hospital used primarily for the care of convalescent or ambulatory patients or charitable institutions or hospitals which are agencies of any Government) which has Graduate Registered Nurses (R. N.) always on duty * * * while this policy is in force, the Company will pay, as a result of any one disability, the Insured (or the Hospital, if so authorized) for the following items of hospital expense actually incurred, but not to exceed the amounts stated below."

There was never any indication that appellant agreed that the evidence on behalf of appellee was conclusive or that any of its defenses were abandoned. Certainly there was never at any time an offer to confess judgment for more than $525.00, plus amounts totalling $122.00 for which it admitted liability. Nothing short of an admitted liability or offer to confess judgment for the amount to which appellee was entitled to recover would have relieved appellant of liability for attorney's fees and penalty. The mere failure to offer evidence is not equivalent to an admission of liability or an offer to confess judgment.

The other case presents a slightly different situation. Appellee had misconstrued the clause on benefits under the policy after the first 30 days of hospitalization. In presenting her evidence, the discrepancy as to the number of days of hospitalization was admitted, but her attorney did not seek to amend the complaint under which recovery of $1,189.54 was sought, although it certainly must have been obvious to appellant that under a correct construction of the policy, appellee would be entitled to recover a larger amount. Here again, appellant never made any admission of liability except for $538.31 in the original answer and the additional sum of $244.23 in the amendment to the answer. Appellee admitted that she was entitled to recover only for sixty days hospitalization. Surely appellant was aware of the amount that would be due appellee for this period of hospitalization under its policy and that, if the hospital bills were correct, appellee would be entitled to one-half of the total expense, but not to exceed $12.00 for each day over thirty days, rather than $6.00 per day as stated in the complaint. At least as long as the amount of recovery sought by appellee did not exceed the amount set out in the prayer of her complaint, appellant could have avoided liability for penalty and attorney's fees only by admitting liability for that amount or offering to confess judgment for that sum, which it did not do. The policy sued on was exhibited with the complaint and introduced in evidence. Both the hospital bill and the policy were introduced without objection. Appellant did not claim to be misled by the proof offered. In this situation certain statutes are pertinent:

"27-1155. Variance between pleading and proof—Amendment of pleading.—No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be shown to the satisfaction of the court, and it must also be shown in what respect he has been

misled; and thereupon the court may order the pleading to be amended upon such terms as may be just. [Civil Code § 150;]."

"27-1156. Immaterial variance—Amendment without costs.—Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, and may order an immediate amendment without costs. [Civil Code, § 151;]."

"27-1160. Amendment of pleadings or proceedings by court—Enlargement of time for filing answer and reply—Pleadings made definite and certain—Errors or defects in proceedings disregarded.—The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. * * * [Civil Code, § 155;]."

Appellant did not contend that he was misled by the variance and did not claim surprise or ask for a continuance. No objection having been made to the evidence, under our Code the complaint must be treated as amended to conform to it. *Healy* v. *Conner,* 40 Ark. 352; *Farmers Union Mut. Ins. Co.* v. *Wyman,* 221 Ark. 1, 251 S. W. 2d 819.

Appellant complains, however, that there was no amendment until some weeks later, after appellee's brief was filed. As we interpret the statute it was the duty of the court to consider the complaint amended at the time evidence was offered, in the absence of a showing by appellant that it was misled to its prejudice. On this contention, however, there would have been no error for

it has been held that amendment of pleadings to conform to the proof under the statutes quoted may even be permitted after a case has been argued to a jury. *Burke* v. *Snell,* 42 Ark. 57.

Appellant also complains that the fee allowed in the first case is excessive. The court heard testimony by appellee's attorney. In the two cases, uncontradicted testimony showed that he had spent something over 23 hours in research, accumulating six pages of notes; filed a proof of claim under one of the policies; engaged in correspondence with the companies; had two conferences with appellee's physician; prepared the complaints; had at least two telephone conversations with one of appellant's attorneys; made a 50-mile round-trip to confer with relatives of the aged appellee; had four conferences with the son of appellee who served as next friend in bringing the suit; had two conversations with a brother of appellee and a conference with a Mr. Bright. He must also have written a brief for the court pursuant to the trial judge's request. In view of the amount of time devoted to this case and the fact that the trial judge was cognizant of the services rendered, we cannot say that the allowance was excessive.

The judgment is affirmed and we allow an additional fee of $250.00 on this appeal.

BROWN, J., disqualified and not participating.