ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* CARTER.

Opinion delivered February 21, 1910.

1. INSTRUCTIONS—GENERAL OBJECTION.—A general objection is insufficient to call attention to an ambiguity in an instruction. (Page 595.)

2. SAME—REFUSAL OF ABSTRACT INSTRUCTION.—It is not error to refuse an abstract instruction. (Page 597.)

3. Same—harmless error.—A cause will not be reversed for the giving of an instruction which was erroneous, but which could not have misled the jury. (Page 598.)

4. Same—invited error.—Appellant cannot complain of an abstract instruction given at appellee's instance if it asked an instruction bearing upon the same subject. (Page 598.)

5. Same—construction as a whole.—As it is generally impossible to state all of the law in one instruction, if the various instructions separately present every phase of the law as a harmonious whole, there is no error in an instruction failing to carry qualifications which are explained in others. (Page 598.)

6. Same—necessity of specific objection.—The failure of an instruction to contain a qualification which is correctly stated in another instruction given by the court cannot be relied upon on appeal unless it was specifically pointed out in the trial court. (Page 599.)

7. Evidence—physical examination.—It was not error to refuse to compel the plaintiff in a physical injury suit to submit to a physical examination before the jury where, on defendant's motion, the court appointed a board of four physicians, two of whom were of defendant's selection, to examine the plaintiff's physical condition. (Page 599.)

8. Trial—improper argument.—A new trial will not be granted on account of an improper argument of appellee's counsel, tending to aggravate the damages, if the argument was in answer to an argument made by appellant's counsel, where the court told the jury not to consider such argument, and where the verdict was not so extravagant as to indicate that the jury was influenced by passion or prejudice. (Page 599.)

Appeal from Ouachita Circuit Court; *George W. Hays,* Judge; affirmed.

*Kinsworthy & Rhoton, E. A. Bolton, H. S. Powell,* and *James H. Stevenson,* for appellant.

1. The eleventh instruction given by the court is erroneous because of incorporating therein the clause, "thinking it a settlement for wages for time lost on account of the injury." To avoid a written instrument on the ground of mistake, such mistake must be mutual. 74 Ark. 336. One who signs a contract without reading it, after being given an opportunity so to do, cannot afterwards complain that he signed it without having read it. 70 Ark. 512; 71 Ark. 185. The instruction is contradictory and confusing. It is impossible to tell which theory the jury adopted, whether the instrument was a release, but void because induced by misrepresentation, or a receipt for money

and not a release, and not binding on account of mistake. 72 Ark. 31; 74 Ark. 437; 70 Ark. 29.

2. The court erred in giving the second instruction requested by appellant. It is abstract and misleading in declaring it to be the duty of the defendant to use ordinary care to furnish plaintiff with a reasonably safe place to work, which was a matter not in issue. 76 Ark. 69. It is further erroneous because it assumes to state to the jury the propositions upon which they may base a verdict for the plaintiff, and ignores the issue as to the validity of the release. 25 Ark. 490, 493; 30 Ark. 362, 376; 51 Ark. 88; 2 Thompson on Trials, § 2328; 2 How. 486, 496; 24 Ala. 651, 662; 38 N. W. 213, 222; 52 Mo. 35; 38; 85 Mo. 96, 105.

*Davis & Pace, T. W. Hardy,* and *Hamlin & Seawel,* for appellee.

1. If the eleventh instruction was susceptible to the objections urged here by appellant, such objections will not be considered, because the objection in the lower court was general only, and the court's attention was not called to it by a specific objection. 90 Ark. 108; 89 Ark. 404; 88 Ark. 204; 89 Ark. 574; 88 Ark. 182; 89 Ark. 522; *Id.* 24. But it is not open to the objections urged. It plainly states that the execution of the release by appellee is not denied, and nowhere does it authorize the jury to relieve appellee from the effect of the release if he signed it merely thinking it was a settlement of wages or a receipt.

2. Considered as a whole, the second instruction does not state an abstract principle of law not applicable to the case. It requires the master in the *handling and operation* of its trains to use ordinary care, etc. It does not predicate the right to recover on account of any defect in the car, or in the facilities afforded him for keeping a lookout. If erroneous, however, it was invited by appellant's fifth instruction, and appellant cannot complain. 67 Ark. 531; 88 Ark. 138; *Id.* 129. All the law of a case cannot be presented in one instruction; hence all the instructions are to be considered as a whole, and if, when so considered, they present every phase of the law governing the case, there is no error in a particular instruction failing to carry qualifications which are explained in others. 88 Ark. 524; *Id.* 434; 86 Ark. 104; 77 Ark. 458; 69 Ark. 558; 67 Ark. 531; 75 Ark. 325; 74 Ark. 377; 56 Mo. 289; 162 Mo. 238; 161 Mo. 412.

FRAUENTHAL, J. This was an action brought by the plaintiff below, A. M. Carter, against the St. Louis, Iron Mountain & Southern Railway Company, to recover damages for personal injuries claimed to have been sustained by him while in the employ of the defendant as a brakeman. In his complaint he alleged that the injuries were caused by the wrongful negligence of the defendant. The defendant denied all allegations of negligence on its part, and pleaded contributory negligence on the part of the plaintiff and assumption of the risk by him. It further pleaded an accord and satisfaction of all claims for damages growing out of the alleged injuries and a release of all such claims by plaintiff. In his reply the plaintiff admitted the execution of said release, but alleged that it was not binding because it was obtained by misrepresentations, fraud and deceit. The testimony on the part of the plaintiff tended to establish the following facts: The plaintiff was in the employ of the defendant as a brakeman on one of its freight trains. On November 6, 1908, he was engaged in the performance of his duties as such brakeman in unloading freight from said train, after its arrival at Arkadelphia. The box car from which plaintiff was unloading freight had been stopped at the depot, and the engine attached to other cars had moved on to do certain switching. The plaintiff was inside of the car, and had rolled a barrel of lard, weighing from 400 to 500 pounds, to the door of the car. While he was engaged in removing the barrel from the car, the defendant negligently and carelessly kicked or shoved a number of cars with great violence against the box car, knocking the plaintiff and the barrel of lard from the car to the ground, so that the heavy barrel of lard struck him with great force on the small of the back, injuring him very severely. In a few days thereafter his disability by reason of the injury developed more fully, and, on the advice of the local physician of the defendant, he went to defendant's hospital at St. Louis, Mo. He remained at this hospital from November 18, 1908, until March 2, 1909. The injury affected his entire nervous system, and while at the defendant's hospital he was under the treatment of a number of defendant's surgeons and specialists. On March 2, 1909, the chief surgeon of defendant

at said hospital made an examination of plaintiff, and told him that he was completely recovered, and that there was nothing the matter with him. In the language of the witness, the surgeon said: "He would talk to me just like he would a boy of his own, and there wasn't a thing the matter with me, only I stayed at the hospital so long and worried myself; and when he told me that, I asked him could I depend on what he said, and there wouldn't be any danger hereafter; and he said: 'You sure can do it.'" The surgeon then sent him to the general claim agent of the defendant, where plaintiff executed the release. There is a sharp conflict in the testimony of plaintiff and the claim agent as to what occurred at the execution of the release. The plaintiff testified that they spoke about the surgeon pronouncing him to have fully recovered; and that they then agreed that the amount of the wages that would be due to him for the time which he had lost was $325; that he then signed the release and received a check or voucher for that amount. The release in effect stated that the receipt of the said sum was in full accord and satisfaction of all claims and damages growing out of said injuries. The plaintiff returned to his home at Little Rock, and in a few days he began to suffer pain from the injury, and to grow worse. He consulted his family doctor, who examined him and then called in two other physicians to examine him. These physicians testified that he had a depression in the lower portion of his spine between the fourth and fifth lumbar vertebrae, and that he had a fracture of what is known as the coccyx or tail bone. These physicians continued their examination and treatment of him for some time; and at the trial of this cause a board of four physicians was appointed to make a physical examination of the plaintiff. Two of the members of this board were selected by the plaintiff and two by the defendant; and they appeared in the case as witnesses. In addition, other physicians gave testimony upon the trial of the case relative to the nature and extent of the injury sustained by the plaintiff. The evidence on behalf of the plaintiff tended to prove that the injury had caused a great depression between the fourth and fifth lumbar vertebrae and a fracture of the coccygeal bone; that this caused a present paralysis of one of plaintiff's legs, and might result in the paralysis of

his urinal organs and the muscles controlling the bowels; that the injury did, and would continue to, give the plaintiff intense pain and disable him from labor; and some of the physicians declared the injury permanent.

The plaintiff is a married man, twenty-eight years old, and he sued for $50,000 damages. The jury returned a verdict in favor of plaintiff for $5,000, less the $325 received by him.

From the judgment entered on the verdict the defendant prosecutes this appeal.

It is not contended by counsel for defendant in their brief that there is not sufficient evidence adduced upon the trial of this cause to sustain the verdict of the jury. They urge that there were certain errors committed by the lower court in giving and refusing certain instructions which were prejudicial to the rights of the defendant. They also urge other errors in the conduct of the trial, which we will hereafter refer to.

1. At the request of the plaintiff the court gave the following instruction:

"11. The execution of the release by the plaintiff, which bears date March 2, 1909, and put in evidence, is not denied. But if the jury find from the preponderance of the evidence that before or at the time the consideration was paid for said release and the same was executed, the physician and surgeon of the defendant railway company made an examination of the plaintiff's injuries, and thereupon assured the plaintiff that his injuries were not permanent, but that plaintiff would be able to resume his position and duties with defendant in a short time, and, relying upon said statement to be true, he executed said release, thinking it a settlement for wages for time lost on account of the injury, but soon afterwards it was developed that plaintiff was permanently injured, and that he would never be able to perform labor in his line of employment, but that at the time of making said statements defendant's physician and surgeon either knew that plaintiff was permanently injured and misrepresented that fact, or was honestly mistaken as to extent of plaintiff's injuries, and misled him into signing said release, then plaintiff is not bound by the same, and the jury should so find."

This instruction, with the exception of the clause, "think-

ing it a settlement for wages for time lost on account of the injury," is in effect essentially the same as an instruction which was approved by this court in the case of *St. Louis, Iron Mountain & Southern Railway Company* v. *Hambright*, 87 Ark. 614, in which a state of facts was shown quite similar to those adduced in this case. The defendant urges that the instruction was erroneous by reason of the insertion of said clause. It is contended that the instruction in effect told the jury that the plaintiff would not be bound by the release, either in the event it was obtained by misrepresentations or fraud, or in event the plaintiff thought it was only a settlement for wages for the time lost. But we do not think that the instruction, taken as a whole, will bear that meaning or construction. The plain meaning of the instruction is not that the release could be avoided either by proof of fraud and misrepresentation in procuring it, or by proof that plaintiff thought it was a settlement of wages and an instrument different from a release; but a fair interpretation of the instruction would require the plaintiff to prove both that the instrument was obtained by misrepresentation or fraud and also in the thought by him that it was a settlement for wages. It therefore in effect imposed upon the plaintiff the duty of proving that he thought the instrument was a settlement for wages, in addition to proving that it was obtained by fraud or misrepresentation, before it could be avoided. The error of this clause was therefore not prejudicial. Futhermore, the defendant made a general objection to this instruction. It did not call the court's attention specifically to this clause which it considered objectionable. If it thought that the incorporation of this clause in the instruction made it misleading or ambiguous, it was its duty to make a specific objection to it on that ground, and thus have given the lower court an opportunity to correct it. *Aluminum Company* v. *Ramsey*, 89 Ark. 522; *St. Louis, I. M. & S. Ry. Co.* v. *Furlow*, 89 Ark. 404; *Sloan* v. *Little Rock Ry. & Elec. Co.*, 89 Ark. 574.

2. It is urged that the court committed error in refusing to give the following instruction, which was asked by the defendant:

"10. The jury are instructed that if they find from the evidence in this case that the plaintiff signed the release intro-

duced in evidence after an opportunity to examine it, then you are told that he cannot be heard to say that, when he signed it, he did not know what it contained."

The issue that was presented to the jury relative to the release was whether or not it was obtained by fraud or misrepresentation, and not whether the plaintiff knew or did not know what it contained when he signed it. That issue was made plain by the pleading. The defendant set up the release as a defense to the claim for damages. The plaintiff in his reply admitted the execution of the release, but alleged that it was not effective because it was obtained by fraud and misrepresentation. The mere fact that the plaintiff, in giving his testimony, stated that he thought that the $325 was in payment of wages could not affect this issue, which was squarely presented by the instructions that were given by the court. For this statement of plaintiff would not tend to prove that he did not understand that it was a release that he was executing, but would only tend to show that, relying upon the representation of defendant's surgeon that he was cured, he did not expect and did not receive payment for not being entirely cured. It would simply be a circumstance to show a full reliance by him upon the representation of his physical condition made by the defendant's surgeon, and to impeach the release only on the ground of fraud. By the above instruction—number 11—the court told the jury that the execution of the release was not denied, and further that it could be only avoided by proof that it was obtained by fraud or misrepresentation. And at the request of the defendant the court gave the following instruction to the jury:

"7. The court instructs the jury that fraud is never presumed in any transaction, and when a party sets it up it must be proved; and you are instructed that in this case the plaintiff, in his reply filed to the answer setting up an accord and satisfaction, alleged that the accord and satisfaction and release was obtained by fraud. The burden of proof is upon the plaintiff to satisfy you by a clear preponderance of the testimony that he was imposed upon, and the fraud alleged in said reply was practiced upon him; and, unless you so find, the release set up and pleaded, which the plaintiff admits to have signed, is a complete bar to his recovery in this action."

The sole issue presented by these instructions to the jury relative to this release, therefore, was whether or not it was obtained by fraud. The instruction requested was therefore without the issue involved in the case, and was abstract. It was not error to refuse it.

3. It is contended that the court erred in giving the following instruction at the request of the plaintiff:

"2. The court instructs the jury that it is the duty of the defendant in the handling and operation of its trains to use ordinary care to provide its servants with a reasonably safe place in which to work, and to use ordinary care to avoid injuring them, and in this case, if you find from a preponderance of the evidence that the plaintiff, A. M. Carter, was in the employ of the defendant on the 6th day of November, 1908, as brakeman on one of its trains running between Malvern and Texarkana, and at the station of Arkadelphia was engaged in unloading freight from a car that belonged to said train, in the ordinary course of his duty as brakeman under the directions of those in charge of said train, said car having been detached and spotted, or left for the purpose of permitting freight to be unloaded, and that this fact was known to those in charge of said train, and that it was necessary for plaintiff to go inside of said car to unload said freight, and that, while so engaged at work inside said car, without negligence on his part, those in charge of said train negligently, carelessly and without reasonable regard for the safety of the plaintiff, and without notice or warning to him, kicked, knocked or shoved other cars into and against the car in which plaintiff was at work with unusual force and violence, and knocked him from said car, and injured him, the defendant is liable, and you should find for the plaintiff such damages as you may believe that he has sustained."

It is claimed that the portion of the instruction which declared it to be the duty of the defendant to use ordinary care to furnish plaintiff with a reasonably safe place to work was abtract and misleading. The negligence alleged was not in the failure to furnish plaintiff a safe place in which to work, but was in the operation of the train. But this portion of the instruction could not have been misleading or prejudicial. The issue as to the negligence which it was alleged caused the injury

was clearly submitted to the jury in other instructions that were given, and, when considered as a whole, was the only issue as to negligence submitted by this instruction. No negligence is predicated in this instruction upon the failure to furnish plaintiff a safe place. The negligence is wholly predicated upon the manner of the operation of the train at the time of the injury. But, if this portion of this instruction should be deemed abstract, the defendant cannot now be heard to complain of it, because the court gave, at the request of the defendant, instruction No. 5, which stated that the defendant "must furnish them (its servants) a reasonably safe place to work and reasonably safe appliances, and after this is done it has discharged its duty in this respect."

As was held in the case of the *St. Louis, Iron Mountain & Southern Railway Company* v. *Baker*, 67 Ark. 531: "Appellant cannot complain of an instruction given at appellee's instance as abstract if it asked, and the court gave, an instruction bearing upon the same subject." *St. Louis & San Francisco Rd. Co.* v. *Vaughan*, 88 Ark. 138.

It is further urged that this instruction was erroneous because it assumes to state the propositions upon which the jury might base their verdict for the plaintiff, and ignores the issue as to the validity of the release pleaded by the defendant. A like criticism is made of other instructions in this particular. But the court, both on the part of the plaintiff and the defendant, had given instructions relative to the validity of the release and its effect, if valid, as a complete bar to the action.

In the above instruction No. 7, given at the request of defendant, it instructed the jury as to this issue, and it is fully covered in other instructions given, which we do not deem it necessary to set out. As is said in the case of *St. Louis Southwestern Ry. Co.* v. *Graham*, 83 Ark. 61: "It is generally impossible to state all the law of the case in one instruction; and if the various instructions separately present every phase of it as a harmonious whole, there is no error in each instruction failing to carry qualifications which are explained in others." It is conceded that this instruction deals correctly with the phase of the case therein presented. Other instructions presented the phase of the case relating to the validity and effect

of the release as a complete bar to the action. If the defendant desired that this instruction should contain the qualification of the effect of the release, it should have made this specific objection to this instruction to the lower court in the first instance. It did not do this, but objected generally thereto. The defect should have been met by a specific objection, so as to have directed the lower court's attention to it, that it might be corrected. It is evident, from the instructions which the court gave relative to the effect of the release as a bar to the action, that it would also have incorporated the qualification in this instruction if it had been requested, or if its attention had been called to the omission. The defendant should therefore have specifically called the court's attention to the objection based on this ground. Failing in that, it will not be permitted to specifically point out this defect for the first time on appeal. *Ark. Midland Rd. Co.* v. *Rambo,* 90 Ark. 108; *St. Louis, I. M. & S. Ry. Co.* v. *Holmes,* 88 Ark. 181; *St. Louis, I. M. & S. Ry. Co.* v. *Puckett,* 88 Ark. 204; *St. Louis, I. M. & S. Ry. Co.* v. *Rogers, ante* p. 564.

4. There were other instructions given at the instance of plaintiff which counsel for defendant call to our attention, and which they urge are erroneous. We have examined each of these, but upon careful consideration we do not find that any of these alleged errors was prejudicial. Nor do we find any error in certain portions of the testimony which were admitted and of which defendant complains. Upon carefully examining those portions of the testimony complained of, we are of the opinion that they were relevant and competent.

It is claimed that the court erred in refusing to compel plaintiff to submit to a physicial examination before the jury. But on the motion of the defendant the court appointed a board of four physicians to examine the physical condition of the plaintiff. This examination was made by these physicians during the progress of the trial, and two of them were of the defendant's own selection. These physicians thereafter testified fully relative to the examination and the physical condition of the plaintiff. We cannot say, under these circumstances, that the court abused its discretion by refusing this request.

It is urged that counsel for plaintiff made an improper argu-

ment to the jury. Some of the remarks complained of were made either in reply to or upon the instigation of remarks made by counsel for the defendant, who thus invited such argument; and the court told the jury to exclude from their consideration the other statements of counsel which are complained of. Even if we should consider that the argument was not legitimate, we think that any prejudice therefrom was dissipated by the reference by the court to them and his direction to the jury to disregard them. They related chiefly to the amount of the verdict, should one be returned for plaintiff. We do not think that, under the circumstances of the case, and in the light of the amount returned, this argument worked to the disadvantage of defendant. The counsel for defendant, in their brief, do not complain that the verdict is excessive. The appeal made by the plaintiff's counsel for a verdict for an exaggerated amount was not effective; for, if the testimony on the part of the plaintiff is true, the verdict is not so extravagant as to indicate that the jury were influenced by passion or prejudice.

The judgment is affirmed.