St. Louis-San Francisco Railway Co.
*v.* Friddle.

5-3196                                          375 S. W. 2d 373

Opinion delivered February 17, 1964.

*Warner, Warner, Ragon & Smith,* for appellant.
*Harold C. Rains, Jr.* for appellee.

Jim Johnson, Associate Justice. This is a suit for damages caused by a tortious burning of appellee's land. On April 21, 1962, sparks and fire from a train operated over the railroad track of appellant, St. Louis-San Francisco Railway Company, burned through appellant's right of way onto the land of appellee, J. A. Friddle. Approximately fifteen acres of appellee's 200-acre farm were burned over. Of the fifteen acres burned, six were on top of a mountain and fenced by appellee. The remaining nine acres were unfenced property on the side of the mountain. Appellee claimed damage to two acres of meadow, four acres of wooded pasture, four acres of pine seedlings and five acres of growing timber. In addition, appellee claimed that a portion of the fence burned and that he was forced to employ help to control and put out the fire. Suit was filed in Crawford Circuit Court seeking to collect $6,000.00 damages. The parties having stipulated that the fire was caused by the negli-

gent operation of the train, the only issue before the jury was the amount of damages, if any, to which appellee was entitled. At trial on July 8, 1963, the jury returned a verdict for appellee in the sum of $2,000.00. From judgment on the verdict, appellant has perfected this appeal.

For reversal, appellant urges that (1) the trial court erred in submitting its instruction number five to the jury, and that (2) the verdict of $2,000.00 was grossly excessive and without support of substantial evidence.

The court's instruction No. 5 reads as follows:

"You are instructed that the measure of damages in this case is the difference in the fair market value of the land immediately before and immediately after the burning. The burden is upon the property owner to establish the amount of his damages by a preponderance of the evidence."

Appellant concedes that, "When real property is permanently injured, the proper measure of damages is the diminution in the fair market value of the property by reason of that injury or, in other words, the difference between the value of the property before and after the injury. *Missouri Pacific R. Co., Thompson, Trustee v. Clements,* 225 Ark. 268, 281 S. W. 2d 936; *Benton Gravel Co. v. Wright,* 206 Ark. 930, 175 S. W. 2d 208; 15 Am. Jur., Damages § 109, p. 518; 25 C.J.S., Damages § 84, p. 603;" but contends here that before this rule is applied, the act complained of must effect a lasting change in the realty itself, urging that the permanency of the injury is the proper test to be applied, and that a temporary injury is not compensated on the basis of diminished market value, citing *Ross & Ross v. St. Louis I.M. & S.R. Co.,* 120 Ark. 264, 179 S. W. 353; 87 A.L.R. 1392.

All of appellee's testimony seemed to be directed toward showing the permanency of the injury, and his value testimony was directed toward proof of the market value of the property before and after the injury. Appellant made no objection to this testimony, nor did appellant request any instruction at all on the measure

of damages, and admitted having only objected generally to instruction No. 5 as given.

The state of the record being thus, the appellant cannot be heard to complain in the Supreme Court for the first time that the measure of damages which was adopted was not the correct rule. See generally, *Standard Oil Co. of Louisiana* v. *Goodwin,* 174 Ark. 603, 299 S. W. 2. This court cannot consider the specific objection here urged to the instruction by the appellant. If appellant desired that the instruction should cover the particular matters of which it now complains, it should have first drawn the attention of the trial court to these matters by specific objection. *St. Louis I.M. & S.R. Co.* v. *Carter,* 93 Ark. 589, 126 S. W. 99. Appellant having failed to offer any specific objection to the instruction in the trial court, under the general objection made to the instruction we can only consider such instruction to determine whether there are any inherent defects therein. *St. Louis San Francisco R. Co.* v. *Cox,* 171 Ark. 103, 283 S. W. 31. Since appellant permitted appellee to try this case upon the theory of the permanency of the damage without specific objection, we cannot say that instruction No. 5, which stated the rule conceded to be applicable to permanent damage, was inherently wrong.

The second point urged by appellant for reversal is that the verdict of $2,000.00 was grossly excessive and without support of substantial evidence. After stating his opinion on the before and after value of his property, appellee and his son testified in careful detail on the damages occasioned by this fire, without objections from appellant. Appellant's witnesses testified on their opinions of appellee's damages, estimating the loss on a per acre basis. The jury's function was to evaluate the witnesses and their testimony and arrive at a damage amount if they found that appellee was in fact damaged by the fire. Their verdict was less than appellee's opinion testimony on damages, and more than appellant's. After a careful review of the whole case, we find that the jury's verdict was supported by substantial evidence, was not influenced by prejudice and the

amount was not so grossly excessive as to shock the conscience of the court. *Beggs* v. *Stalnaker,* 237 Ark. 281, 372 S. W. 2d 600.

Affirmed.