Van Houten *v.* Better Health Ins. Assn. of America.

5-3384                                          384 S. W. 2d 465

Opinion delivered December 14, 1964.

*Cecil A. Tedder, Jr.,* for appellant.

*Same Montgomery,* for appellee.

FRANK HOLT, Associate Justice. The appellant brought this action against the appellee to recover $4,739.28 for benefits allegedly due on three family group insurance contracts issued by the appellee. The appellee answered by a general denial. The jury rendered its verdict for the appellee. From a judgment entered accordingly the appellant brings this appeal.

The policies in question, containing the applications for insurance, were introduced into evidence by the appellant. Paragraph nine of the application provides that any falsity in the application barred recovery "if made with the intent to deceive". The applications each disclosed that Mr. Van Houten had been hospitalized once, Mrs. Van Houten twice, and their daughter once. According to their family doctor, they had received hospital attention approximately eighty-five times from 1953 to 1962. The policies were issued in March, May and June, 1962. When a claim was filed by appellant soon thereafter, the policies were then canceled and a refund of the premium offered because of the failure to make a full disclosure of the medical history. According to appellant, a full disclosure was made and the agent failed to note the medical history.

For reversal the appellant first contends that the court erred in permitting the appellee to assert the affirmative defense of fraud since it was not specifically pleaded by the appellee in its answer. Appellee reserved in its answer the right to amend, however, this was not done.

The general rule is that fraud, as an affirmative defense, must be specifically pleaded by the party claiming it. *Bridges* v. *Harold L. Schaefer, Inc.,* 207 Ark. 122, 179 S.W. 2d 176. However, when a case is tried upon

an issue not responsive to the pleadings and there is testimony upon that issue without objection, then we treat the answer as being amended to conform to the proof and the scope or sufficiency of the answer cannot be questioned on appeal. *Parker* v. *Jones,* 221 Ark. 378, 253 S.W. 2d 342; *Farmers Union Mutual Ins. Co.,* v. *Wyman,* 221 Ark. 1, 251 S.W. 2d 819; *Abel of Ark.* v. *Richards,* 236 Ark. 281, 365 S.W. 2d 705, *Mutual Life Ins. Co.* v. *Owen,* 111 Ark. 554, 164 S.W. 720.

In the case at bar the appellant not only failed to make timely objections to some of the evidence offered on the issue of fraud, more significantly, the appellant himself elicited evidence on the subject of fraud from his own witness, Mrs. Van Houten, to the effect that she was aware of the provisions in paragraph nine. On cross-examination she admitted there was a failure to disclose that she had been released from the hospital only two days before one of the applications was completed. Also, another one of his witnesses, Mr. Phillips, responded to appellant's query that in his opinion the insurance policies were procured under conditions intending to deceive the appellee insurance company. Further, the appellant offered and the court gave Instruction No. 6 relating to the issue of fraud. Therefore, we find no merit in appellant's contention that the issue of fraud was not affirmatively asserted in the answer. Since the appellant elicited evidence himself on that subject and also requested and was given an instruction on the issue of fraud, we treat the answer as being amended to conform to the proof.

Appellant next argues that the court erred in giving appellee's requested Instruction No. 6. Since appellant has failed to abstract the instruction, we cannot consider this alleged error on appeal. *Wilson-Ward Co.,* v. *Fleeman,* 169 Ark. 38, 272 S.W. 853; *Sloan* v. *Ayers,* 209 Ark. 119, 189 S. W. 2d 653. However, the questioned instruction is based upon Ark. Stat. Ann. § 66-3208 (Supp. 1963) and under the facts in this case correctly instructed the jury on the issue of fraud according to appellee's theory of the case.

Appellant's final contention is that the court erred in refusing to grant appellant's motion to amend his pleadings to conform to the proof. Appellant's proof established a lesser sum than was alleged in his complaint. We perceive no prejudicial error since the jury found appellant was entitled to no recovery.

The judgment is affirmed.