INSURED LLOYDS *v.* O. L. MAYO

5-4520                                    427 S. W. 2d 164

Opinion delivered May 6, 1968

*Harper, Young, Durden & Smith,* for appellant.

*Donald Poe,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant insurance company seeks reversal of an adverse judgment in a suit by one of its insured for an automobile collision loss. The only dispute between the parties was the amount to which appellee was entitled under the policy. Appellant states three points for reversal, to wit:

I.  The jury's verdict was contrary to the law and to the evidence.

II.  The trial court committed reversible error in giving instruction no. four.

III.  The trial court committed reversible error in refusing to grant a mistrial for the improper remarks of counsel for plaintiff in his opening statement.

## I.

The gist of appellant's argument on this point is that there was no definite proof of the value of the Rambler automobile at the time of the purchase or at the time immediately preceding the accident and that the person testifying as to the salvage value of the automobile was not qualified to do so. The dealer who sold the automobile to appellee was the only witness called by appellee on the question of values. He had been a

Rambler dealer for 10 years. He sold the vehicle to appellee about May 23, 1965. He could not recall the date when appellee's car was wrecked, but it was brought into his place of business and had remained there. This dealer stated that he was familiar with the vehicle, that he believed that he was acquainted with its fair, reasonable market value immediately before the wreck and that he made an inspection of the car to determine its salvage value. He testified that the salvage value was about $350.00 and that the market value before the collision was approximately $2,350.00 or $2,400.00. He considered the vehicle to be a total loss. He estimated that the total cost of repair would be about $1,650.00, but that the vehicle could not be restored to the condition it was in immediately before the wreck. On cross-examination he stated that the list price of the automobile was $2,400.00 or $2,500.00 and that the actual sales price was probably less than, but close to, that amount. He could not give the date of the wreck, but could only say that it was in November 1965. His estimate of repairs was made in April 1966.

Appellant now complains that there was no definite proof of the value, either before or after the collision, since the dealer was not qualified to testify about salvage values and since he prefaced his statements of value with the words "about" and "approximately." Because of this, appellant claims that appellee's recovery was limited to the cost of repairs. Appellant made no objection to the testimony of this witness in this regard, however, and he is not now in any position to raise these questions. *Sandidge* v. *Sandidge*, 212 Ark. 608, 206 S. W. 2d 755. Absolute certainty should not be required of a witness on values. The use of the qualifying words by the witness in stating values does not make his testimony legally insufficient to support a verdict. See *St. Paul Fire & Marine Ins. Co.* v. *Martin*, 204 Ark. XVIII, 165 S. W. 2d 606.

Appellant urges that its witness Crabtree was a

highly qualified appraiser and that his testimony, contrary to that of the dealer, established that the vehicle could have been repaired for a total of $547.48. The testimony presented fact issues for the jury. The credibility of these witnesses and the weight to be given their testimony were matters which have been resolved against appellant by the verdict.

## II.

Appellant asserts that the trial court erred in giving an instruction to the jury describing the measure of damages as the difference in the fair market value of appellee's automobile immediately before and immediately after the collision, but permitting consideration of the reasonable costs of repairs. This contention is based upon a limitation of liability in the policy which reads:

"The limit of the company's liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the property or such part thereof with other of like kind and quality, nor with respect to an owned automobile described in this policy, the applicable limit of liability stated in the declarations."

Appellant made only a general objection to the giving of the instruction and offered no instruction. Since appellant made no specific objection pointing out the defect in the instruction and did not offer an instruction containing the limitation on recovery which it now contends should have been incorporated, we can only consider whether the instruction given was inherently wrong. *Laflin* v. *Brooks,* 180 Ark. 1167, 22 S. W. 2d 169; *Vogler* v. *O'Neal,* 226 Ark. 1007, 295 S. W. 2d 629; *St. Louis San Francisco Ry. Co.* v. *Friddle,* 237 Ark. 695, 375 S. W. 2d 373. The instruction was not inherently wrong. An instruction is inherently erroneous only when it could not be correct under any circumstances. *Abel of*

*Arkansas, Inc.* v. *Richards,* 236 Ark. 281, 365 S. W. 2d 705. Where an alternative limit on the liability of an insurance company is the actual cash value of an automobile, the instruction given is correct. *Southern Farm Bureau Ins. Co.* v. *Gaither,* 238 Ark. 50, 378 S. W. 2d 211; *Resolute Ins. Co.* v. *Mize,* 221 Ark. 705, 255 S. W. 2d 682.

### III.

In his opening statement, the attorney for appellee stated that the jury would have to allow the appellee the full amount prayed for in the complaint to enable appellee to recover attorney's fees and a statutory penalty. Motion for mistrial was made and denied after the trial judge admonished the jury not to consider the remarks. We need not consider whether there was error in the failure of the court to grant a mistrial because of the improper statement. Appellee sought a $2,000.00 recovery in his complaint, but during the trial reduced this amount to $1,950.00. The jury returned a verdict for $1,750.00. It is obvious that appellant was not prejudiced. We will not reverse for error where it is evident that it did not affect the verdict. *Lamden* v. *St. Louis Southwestern Ry. Co.,* 115 Ark. 238, 170 S. W. 1001; *U. S. Express Co.* v. *Rea & Co.,* 121 Ark. 284, 181 S. W. 888; *Williams* v. *Newkirk,* 121 Ark. 439, 181 S. W. 304; *Street* v. *Shull,* 187 Ark. 180, 58 S. W. 2d 932; *Van Houten* v. *Better Health Ins. Ass'n of America,* 238 Ark. 815, 384 S. W. 2d 465. .

Since we find no prejudicial error, the judgment is affirmed.