## C. C. DECKER *v.* Dr. David L. GIBBONS

5-5596                                    468 S. W. 2d 252

Opinion delivered June 28, 1971

*Ben M. McCray* and *Kenneth C. Coffelt,* for appellant.

*Hall, Tucker & Lovell,* for appellee.

Carleton Harris, Chief Justice. Appellant, C. C. Decker, instituted suit against Dr. David L. Gibbons, alleging that his forehead was cut when his cattle truck was wrecked, and that he was admitted to the hospital at Ozark where the doctor was called upon to treat Decker; that Gibbons sewed up the cut and left foreign substances in his head. Allegations relating to damages suffered were then set out; a judgment of $35,000 was sought for compensatory damages and $35,000 for punitive damages. On trial, the jury returned a verdict

1046

for Gibbons, and from the judgment entered in accordance with the verdict, Decker brings this appeal. For reversal, it is simply urged that Defendant's—Appellee's Requested Instructions No. 4 and 5, which were given by the court constituted error, and the judgment should be reversed.

None of the testimony is abstracted, and the objections made to these instructions were only general objections. Accordingly, the objections cannot be sustained unless the instructions were inherently erroneous. *Vogler* v. *O'Neal*, 226 Ark. 1007, 295 S. W. 2d 629. An instruction, of course, is inherently erroneous only when it cannot be correct under any circumstances. *Insured Lloyds* v. *Mayo*, 244 Ark. 802, 427 S. W. 2d 164.

Appellant's principal argument is directed to Defendant's Instruction No. 4, which reads as follows:

"You are instructed that a physician and surgeon who is requested, and undertakes, to render only first aid emergency treatment to a patient, owes to the patient a duty to exercise only such reasonable skill and care as is ordinarily and reasonably used by physicians and surgeons in good standing in the community in rendering first aid emergency treatment under the same or substantially similar circumstances[1] "

Appellant asserts that this instruction is erroneous on its face; that all treatment by physicians and surgeons is more or less of an emergency nature, and it is contended that a physician and surgeon is bound by the same degree of care in an "emergency" case as at any other time. While there might well be fact situations where this instruction would not be proper, we cannot say that it was erroneous in this instance. It must be remembered that not one line of evidence has been abstracted, and we accordingly have not the faintest idea of the facts shown by the testimony. The instruction certainly would, under some circumstances, be proper for emergency treatment does not ordinarily include

This instruction, word for word, is found in 15 Am. Jur. Pleading and Practice Forms, Form 15: 1081 p. 599.

detailed tests, x-rays, and charts, nor does it afford the time for study of the patient's history and condition, or consultation with an associate. After all, this instruction is nothing more than a defining of what constitutues reasonable care to be used by physicians and surgeons under all the circumstances existing at the time.

It is also contended that defendant's instruction No. 5 was erroneous. That instruction reads as follows:

"You are instructed that defendant's negligence or lack of skill cannot be presumed or inferred merely because of the institution of this action, or the mere failure of his wound to heal properly, or from the fact, that Plaintiff has undergone a subsequent treatment for said injury; such facts, or any of them, are not alone evidence of defendant's failure to exercise that degree of reasonable skill and care which the law imposes on physicians and surgeons in the treatment of such injuries. Neither can mere surmise or conjecture that there may have been negligence take the place of proof."

Appellant asserts that this instruction is a comment on the evidence and is argumentative; also he argues that the instruction infers that conjecture and surmise exist and this portion of the instruction stands out. AMI 603 was also given by the court as its instruction No. 6, stating, "The fact that an injury occurred is not, of itself, evidence of negligence on the part of anyone." Thus, it might also be argued that No. 5 is somewhat repetitious of this instruction, and thus overly emphasizes the position taken by appellee. Without detailing the specific faults of the instruction, let it be said that it is clearly in conflict with the Per Curiam order entered by this court on April 19, 1965, relative to Arkansas Model Jury Instructions. That order reads as follows:

"If Arkansas Model Jury Instructions (AMI) contains an instruction applicable in a civil case, and the trial judge determines that the jury should be instructed on the subject, the AMI instruction shall be used unless the trial judge finds that it does not accurately state the law. In that event he will state his reasons for re-

fusing the AMI instruction. Whenever AMI does not contain an instruction on a subject upon which the trial judge determines that the jury should be instructed, or when an AMI instruction cannot be modified to submit the issue, the instruction on that subject should be simple, brief, impartial, and free from argument."

The detailed listing of the situations that would *not* constitute negligence or lack of skill results in an instruction that is heavily slanted in favor of the defendant, for it emphasizes defenses, rather than being impartial; it appears argumentative, rather than free from argument, and, in addition, it is lengthy rather than brief. If such a specific objection had been made on trial, we would unhesitatingly reverse. However, we are not yet willing to say that an instruction which violates the quoted Per Curiam order is inherently erroneous for that reason.

For this case to be reversed, one of the instructions here under attack must be held to be inherently erroneous. Since we do not agree with appellant that either can be placed in that category, it follows that the judgment should be, and is, affirmed.

It is so ordered.

SMITH, J., concurs.

GEORGE ROSE SMITH, Justice, concurring. I agree that the challenged instructions are not inherently erroneous; but I think that we should, if not now then at the next opportunity, prospectively abandon our rule that a general objection to an instruction is sufficient if the instruction is inherently erroneous. A general objection, within this rule, may consist merely of an attorney's statement for the record: "I object generally to Instruction Number 1."

Arkansas is one of only four or five states that recognize this rule. I can think of nothing to be said in its favor. It is unfair to the trial judge, since the rule may lead to a reversal upon a ground not called to the trial

judge's attention. It is unjust to opposing counsel, since he is not given a fair opportunity to correct the defect. Moreover, it allows the objecting attorney to conceal the real basis for his objection, so that he can accept a favorable verdict but reject an unfavorable one. Finally, the rule is a blemish upon our system of procedure, for it increases the likelihood of unnecessary new trials— unnecessary because in most instances the defect could readily have been corrected on the spot if a specific objection had been required. The matter is certainly a proper one for legislative attention, but since this court was responsible many years ago for the creation of the rule I think that we should also preside over its interment.