Lyle Brown, Justice. Appellant Arkansas Western Gas Company is the owner of an oil and gas lease covering eighty acres of land owned by appellees, Leonard and Fran Foster. Appellant entered upon the land for the purpose of drilling a gas well. In preparation for the drilling appellant cleared a drill site, constructed a pad and a slush pit, and built a temporary road from the point of entry of the lands to the well site. The well was plugged and abandoned on May 13, 1969. Appellees sued appellant for damages for alleged unreasonable use of the land. Judgment was entered on a jury verdict for $2500. The single point advanced for reversal is that the verdict is excessive and is not supported by substantial evidence. Appellees introduced evidence to show that the eighty acres was improved pasture land; that the underbrush had been removed and the land had been seeded; and that the pasture is presently supporting forty cows and calves. Mr. Foster said the gas company constructed a road out of shale that extended diagonally across four acres of land; that the drill site was leveled because it was sloping; and that there were about four acres in the road and well site. “After the well was plugged, the gas company just leveled a portion of the property and left the slush pit, and ran a blade through a dam in the creek so the water would go out. They did nothing about remedying the pit.” Appellees introduced a bill they paid totaling $850 for leveling the well site and putting on top soil. Then there was a bill for $327 for fertilizer and grass seed put on the well site and slush pit. (Of the $850 the court instructed the jury that the dozer operator did some work on the opposite side of the branch and the work in that vicinity could not be charged as a cost of restoring the well site.) The dozer operator described the well site as he first viewed it: “When I first saw the well site, the shale was spread over the grass and the slush pit was piled up three or four feet high. I removed the top soil from around the pit, spread the slush and replaced top soil over the slush pit in order to get it back into production.” The gas company had also dammed the branch and appellee removed the dam. The witnesses for the gas company declared they used a maximum of two acres in the entire operation. The land manager testified it would take over a year to do away with the slush pit and during that interim the landowner was entitled to damages for what his land could have produced for him. Appellant insisted that prudent methods were used and that a minimum amount of land was utilized. Another witness for the gas company conceded that it would take two or three years to restore the pad, the drill site, the slush pit, and road back into production. The measure of damages instruction, given without objection, is as follows: If you find that the plaintiffs are entitled to recover in this action against the defendants, Arkansas Western Gas Company, then the measure of damages to be considered by you would be the cost of reseeding the plaintiffs’ land that was damaged by the defendant, plus its rental value from the time that it was damaged until the time it was restored to the same condition that it was in prior to the damage. In addition the plaintiffs would be entitled to recover the cost of restoring the damaged land to the condition that it was in prior to the time of said damage. Evidence was introduced on the cost of reseeding and fertilizing ($327), and the cost of restoration ($850 less one-third, or $567). That is a total liability of $894. Appellant concedes an indebtedness in that amount and asks this court to reduce the judgment accordingly. Our problem is that evidence is wholly lacking with respect to one element of damages, namely, the rental value of the land damaged from the inception of damages until restoration. The cause is reversed and remanded for a new trial in order to afford the landowners the opportunity of supplying the missing evidence. Reversed and remanded.