Lawrence R. FOX et ux *v.* Noel NALLY

CA 90-231                               805 S.W.2d 661

Court of Appeals of Arkansas
Division I
Opinion delivered March 20, 1991

*Hixon, Cleveland, and Rush*, by: *R.H. Buddy Hixon*, for appellants.

*Gardner & Hardin*, by: *Stephen C. Gardner*, for appellee.

ELIZABETH W. DANIELSON, Judge. The appellants, Lawrence and Betty Fox, executed an oil and gas lease to Diamond Shamrock Corporation, which was subsequently assigned to the appellee/cross-appellant, Noel Nally. The granting clause in the lease gave the appellee the right, among other things, to drill a well and lay pipelines. The appellants and the appellee also executed a "Surface Use Agreement and Damage Release" for the sum of $3,000.

Pursuant to the lease the appellee drilled a natural gas well and laid a pipeline from the well across the appellants' property. The appellants then refused to allow the appellee access to the well by blocking the road leading to the well site. The appellee filed suit to enjoin the appellants from blocking his access to the well. The appellants filed a counterclaim seeking damages for the pipeline construction.

The trial court would not allow evidence as to the permanent nature of the damages caused by the pipeline, but did allow evidence as to the cost of restoration of the land to its prior condition. At the close of the evidence, the court entered judgment for the appellants in the amount of $600.

The appellants contend on appeal they should have been allowed to put on evidence of the permanent damage to their property. The appellee, on cross-appeal, contends the trial court erred in allowing testimony as to the restoration costs since there was a surface use and damage release agreement signed by the parties. We find no error and affirm.

The appellants proffered evidence of the fair market value of their land before and after construction of the pipeline. While this is the correct measure of damages if an injury is permanent, *St. Louis-San Francisco Railway Co.* v. *Friddle*, 237

Ark. 695, 375 S.W.2d 373 (1964), it is not the measure for an injury that is temporary in nature. When injury to real property is temporary, the measure of damages is the cost of restoring the property to the same condition that it was in prior to the injury. *See C.R.T., Inc.* v. *Brown*, 269 Ark. 114, 602 S.W.2d 409 (1980); *Arkansas Western Gas Co.* v. *Foster*, 254 Ark. 14, 491 S.W.2d 380 (1973). Because the appellee's use of the pipeline is limited by the lease provisions and is subject to termination, the damage is temporary in nature and the trial court did not err in refusing to allow evidence of the before and after value of the land.

▮ The appellee contends on cross-appeal that the appellants should not have been allowed to introduce evidence concerning the cost of restoration because the release signed by the parties covered the damages. The appellee had filled in the ditch resulting from the construction, but the appellants testified that the dirt along the pipeline had settled and they had to do additional restoration work at their own cost. The court found that the appellee had a responsibility to restore the property to substantially the same condition that it was in prior to the laying of the pipeline. The $600 award to the appellants for the additional restoration work, which was the responsibility of the appellee, is not an amount coming within the purview of the damages agreement. The court did not err in allowing evidence of the cost of restoration.

Affirmed.

MAYFIELD and ROGERS, JJ., agree.